

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2007

# Salkeld v. Tennis

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1776

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Salkeld v. Tennis" (2007). *2007 Decisions.* Paper 438.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/438

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-348                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1776
_____

TONY C. SALKELD,


Appellant


v.


FRANKLIN TENNIS, Individually and in
official capacity as Superintendent at
S.C.I. Rockview; FRANCES DOUGHERTY,
Ind. & in his official capacity as
business mgr. at S.C.I. Rockview; ALL
OTHERS WORKING IN THE MAIL ROOM


_____


On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 05-cv-00225)
District Judge:  Honorable Thomas I. Vanaskie
_____


Submitted For Possible Dismissal as Untimely, Possible Dismissal under 28 U.S.C. §
1915(e)(2)(B), or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 16, 2007
Before: MCKEE, FUENTES AND VANANTWERPEN, Circuit Judges


(Filed September 13, 2007)
_____


OPINION
_____


PER CURIAM

Appellant Tony Salkeld, an inmate at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his right of access to the courts. The District Court dismissed the action for failure to state a claim upon which relief can be granted. The District Court also dismissed Salkeld's motion to restrain SCI-Rockview from opening "privileged" mail concerning legal issues because Salkeld had failed to file a brief in support of his motion as required by a local rule. Salkeld filed an appeal.[1] Because no substantial question is presented, L.A.R. 27.4, we will summarily affirm the District Court's order.

We need not repeat the details of Salkeld's claims here as they are well-known to the parties and are summarized in the District Court's memorandum. In brief, Salkeld contends his constitutional right of access to the courts was violated when the prison did not advance him sufficient funds to mail a state court filing in a timely fashion. Salkeld contends that because defendants' actions prevented him from timely filing a statement of issues complained of on appeal in the Pennsylvania Superior Court, all of his appellate issues were waived. Salkeld further contends that the Pennsylvania Department of Corrections' inmate mail policy (policy number DC-ADM 803) is unconstitutional because it does not provide for the advancement of funds to non-indigent inmates for legal mail.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. The parties were previously advised that this appeal was listed for possible dismissal as untimely. However, Salkeld filed a motion under Federal Rule of Appellate Procedure 4(a)(6) which was granted by the District Court. Accordingly, the instant appeal is properly before us.

We agree that the District Court properly dismissed Salkeld's claims, but for different reasons.  See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 & n.10 (3d Cir. 1988) (an appellate court may affirm a correct decision by a lower court on grounds different than those used by the lower court in reaching its decision).  An inmate alleging a violation of Bounds v. Smith, 430 U.S. 817 (1977), must show an actual injury, a requirement that derives from the doctrine of standing.  Lewis v. Casey, 518 U.S. 343, 349 (1996).  Specifically, the inmate must show that the alleged shortcomings in the prison policy "hindered his efforts to pursue a legal claim."  Id. at 351.  See also Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997) (no First Amendment right to subsidized mail).  However, the injury requirement is not satisfied by just any type of frustrated legal claim; the legal claim must relate to a direct or collateral challenge to a prisoner's sentence or conditions of confinement.  Lewis, 518 U.S. at 349 ("Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.") (emphasis in original).  Here, Salkeld alleged only that he was unable to timely file a statement of matters appealed from in a "civil matter" pending in Pennsylvania state court.  Further, the state court docket attached to Salkeld's amended complaint shows that he was a defendant in that civil litigation.  Accordingly, the District Court properly dismissed Salkeld's amended complaint.  We also find no error in the District Court's decision deeming Salkeld's motion for a temporary restraining order withdrawn because of Salkeld's failure to comply with a local rule requiring the timely filing of a supporting legal brief.

3

For the foregoing reasons, no substantial question is presented and we will affirm the order of the District Court.